UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALTAGRACIA NUNO,**

        **Plaintiff,**

**-vs-**                                   **Case No. 6:06-CV-1906-ORL-KRS**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the Complaint filed by Altagracia Nuno, seeking review of the final decision of the Commissioner of Social Security denying his claim for social security benefits. Doc. No. 1. The Commissioner answered the Complaint and filed a certified copy of the record before the Social Security Administration (SSA). Doc. Nos. 12, 14. Pursuant to the consent of the parties, this matter has been referred to me for disposition under 28 U.S.C. § 636(c). Doc. Nos. 17, 20.

**I.**     **PROCEDURAL HISTORY.**

In 2003, Nuno applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Programs (OASDI), 42 U.S.C. § 401 *et seq.*, and under the Supplemental Security Income for the Aged, Blind and Disabled Program (SSI), 42

U.S.C. § 1381, *et seq.*, alleging that she became disabled on June 13, 1998  (sometimes referred to herein as the Act).  R. 66-68, 363-67. Nuno's applications were denied initially and on reconsideration. R. 28-30, 34-36.

Nuno requested a hearing before an administrative law judge (ALJ).  R. 40.  An ALJ held a hearing on April 10, 2006. Nuno, represented by an attorney, testified at the hearing. Paul Dolan, a vocational expert (VE), also testified.  R. 380-99.

After considering the testimony and the medical evidence presented, the ALJ determined that Nuno was insured under OASDI through December 31, 2002.  R. 17. The ALJ found that Nuno had not engaged in substantial gainful activity since the alleged onset date of her disability. R. 17.

The ALJ concluded that the medical evidence showed that Nuno had degenerative disc disease and an adjustment disorder, which were severe impairments. These impairments did not meet or equal any of the impairments listed in the applicable social security regulations (the Listings).[1]  R. 17.

The ALJ concluded that Nuno's mental impairment would result in mild limitations of activities of daily living and maintaining social functioning, and moderate limitations in maintaining concentration, persistence or pace.  R. 20.  He found that Nuno had the residual functional capacity (RFC) to perform unskilled light to sedentary work.  R. 19.

---

[1] The Code of Federal Regulations "contains a Listing of Impairments specifying almost every sort of medical problem ('impairment') from which a person can suffer, sorted into general categories." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004); 20 C.F.R. Part 404, Subpt. P, App. 1.

Based on the testimony of the VE, the ALJ determined that Nuno could not return to her past relevant work as a fern cutter. R. 20.

Relying on the testimony of the VE, and considering the Medical-Vocational Guidelines (the Grids), 20 C.F.R. Pt. 404, Subpt P, App. 2, the ALJ concluded that Nuno could perform work available in the national economy. R. 21. Therefore, the ALJ concluded that Nuno was not disabled. R. 22.

Nuno requested review of the ALJ's decision. R. 10. On October 19, 2006, the Appeals Council issued a decision finding no basis to review the ALJ's decision. R. 5-7. Nuno timely sought review of this decision by this Court. Doc. No. 1.

## II.     JURISDICTION.

Plaintiff having exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).

## III.    STATEMENT OF FACTS.

The facts of record are adequately stated in the ALJ's decision and the parties' memoranda of law. Because of the limited issues raised on appeal, I will only briefly summarize the evidence to protect Nuno's privacy as much as possible.

Nuno was 39 years old on the onset date of her disability. R. 66, 383. She attended school through the second grade in Mexico. R. 169. She did not read, write or speak English, but she could read, write and speak Spanish. R. 383-84. She previously

worked as a fern cutter.  R. 386.  The VE testified that Nuno's past work as a fern cutter was unskilled work requiring light to medium levels of exertion.  R. 393.

Nuno suffered from degenerative disc disease that caused back pain, worse on some days than others.  R. 17, 386-87.  She had difficulty lifting and sitting for long periods due to pain.  R. 389.  At the time of the hearing she was taking Ibuprofen for the pain.  R. 387.  The record reveals that after the alleged onset date of her disability, she had also taken other medications.  *See, e.g.,* R. 149, 210, 234, 242, 291, 304.  She reported that these medications caused nausea, diarrhea, vomiting, dizziness, and sleepiness.  R. 105, 116, 130, 203, 205, 242.

Nuno was also depressed.  R. 387; *see also* R. 19.  She testified that she was forgetful, and cried a lot.  R. 388-89.

The ALJ asked the VE to assume an individual limited to unskilled sedentary or light work who was not literate in English.  The VE testified that this individual could perform the work of maid, cafeteria attendant, and cleaner/commercial or institutional, all of which were unskilled jobs requiring a light level of exertion that existed in significant numbers in the national economy.  R. 394-95. On cross examination, the VE testified that the number of available jobs would start to be seriously eroded if the hypothetical individual had moderate limitations due to a mental impairment particularly with respect to "the pace in the work tasks."  R. 398.[2]

---

[2] The record before the Court is missing the page numbered R. 397.

## IV. STANDARD OF REVIEW.

To be entitled to disability benefits under OASDI or SSI, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" under the terms of the Act is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). In a case seeking disability benefits under OASDI, the claimant also must show that he or she became disabled before his or her insured status expired in order to be entitled to disability benefits. 42 U.S.C. § 423(c)(1); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979).

Pursuant to 42 U.S.C. § 405(a), the SSA has promulgated a five-step inquiry that must be followed in determining whether a claimant is entitled to benefits. In sum, an ALJ must apply the following criteria, in sequence:

> (1) Is the claimant presently unemployed?
>
> (2) Is the claimant's impairment severe?
>
> (3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
>
> (4) Is the claimant unable to perform his or her former occupation?
>
> (5) Is the claimant unable to perform any other work within the economy?

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). An affirmative answer to any of the above questions leads to either the next question, or, on steps three and five, to a finding of disability. A negative answer leads to a finding of "not disabled." *See, e.g.*, *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1987).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)). However, "the burden temporarily shifts at step five to the Commissioner[,] . . . [who] must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform." *Id*. at 1278 n.2 (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).

A court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

The SSA's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210. "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838-39 (11th Cir. 1982)(internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment. *Id*.

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). Therefore, the court will reverse if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991)).

When reviewing a final decision issued by the SSA, the court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**V. ANALYSIS.**

Nuno argues that the ALJ erred by failing to include in the hypothetical question to the VE the limitations arising from her mental impairments. She also contends that the ALJ erred by failing to consider the side effects of her medication. As such, she

contends that the Commissioner failed to sustain his burden of proof at step five of the evaluation process and, therefore, the Court should award benefits to her.[3]

I begin with the issue of the adequacy of the hypothetical question because I find it to be dispositive. In *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985), the United States Court of Appeals for the Eleventh Circuit found that a hypothetical question to a VE was inadequate because it did not include the limitations arising from the claimant's mental impairment. The Court stated that it could not "assume that the vocational expert would have answered in a similar manner had the ALJ instructed him to consider all of the appellant's severe impairments." *Id.* at 1563. Accordingly, the Eleventh Circuit reversed the Commissioner's decision and ordered the district court to remand the case to the Commissioner for further proceedings.

In the present case, the ALJ found that Nuno would have moderate limitations in maintaining concentration, persistence and pace due to her mental impairments. R. 20. Although he asked the VE to assume that the hypothetical claimant could perform only unskilled work, he did not include the moderate limitation in maintaining concentration, persistence and pace in the hypothetical question. The Commissioner has not cited to any regulation or law that indicates that the limitation to unskilled work necessarily assumes that the claimant would have moderate limitations in this area. More importantly, the VE's testimony reflects that such a limitation would begin seriously to erode the occupational base of the jobs he identified as ones the hypothetical claimant could perform.

---

[3] The parties were advised that issues not specifically raised would be waived. Doc. No. 13 at 2.

At step five of the sequential evaluation process, substantial evidence must show that there are jobs that the claimant could perform that exist in significant numbers in the national economy. *See Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987); *see also* 20 C.F.R. § 404.1566. While the ALJ, not the VE, determines whether the number of jobs identified are significant, *see Brooks v. Barnhart*, 133 Fed. Appx. 669, 670 (11th Cir. 2005), there must be evidence in the record of the number of jobs before the ALJ can make that finding. In the present case, the record does not reflect the number of jobs that would be available for an individual limited to unskilled light or sedentary work, who is not literate in English, *and* who has a moderate limitation in maintaining concentration, persistence and pace. *Cf. Stevens v. Comm'r*, 484 F. Supp. 2d 662, 667-68 (E.D. Mich. 2007)(finding evidence of number of jobs claimant could perform lacking when ALJ failed to include limitation to unskilled work in the hypothetical question to the VE).

Nuno argues that the Court should award her benefits because the Commissioner failed to sustain his burden of proof at step five of the sequential evaluation process. "This Court may reverse the decision of the Commissioner and enter an order awarding disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Kleja v. Branhart*, 220 F. Supp. 2d 1330, 1334 (M.D. Fla. 2002)(citing *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)). In the present case, the Commissioner has not yet considered the essential evidence because the record does not reflect the number of jobs available to an individual with Nuno's physical and mental functional limitations.

Accordingly, it is appropriate to remand this case for further proceedings. On remand, the Commissioner shall also consider the functional limitations, if any, arising from side effects of Nuno's medications.

## VI.   CONCLUSION.

For the reasons set forth herein, it is **ORDERED** that the decision of the Commissioner is **REVERSED** and the case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings. The Clerk of Court is directed to issue a judgment consistent with this Order and, thereafter, to close the file.

**DONE** and **ORDERED** this 17th day of March 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE